UNITED STATES DISTRCT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELINAUTICA INTERNACIONAL. S.A.,  CASE NO.: 8:11-CV-676-T-17TGW

Plaintiff,

vs.

ENGAGE AVIATION, LLC, a Florida
limited liability company, PHILLIP J.
CAREY, an individual, and AERO-SPACE
REPORTS, INC., an Oklahoma corporation,

Defendants.
_____/

## DEFENDANT, AERO-SPACE REPORTS, INC.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Comes now Defendant, AERO-SPACE REPORTS, INC. (hereinafter "ASR"), by and through the undersigned counsel and pursuant Federal Rules of Civil Procedure, 12(b)(6), hereby files its Motion to Dismiss Plaintiff's Complaint, and in support states as follows:

### Introduction

This action arises from the sale of two aircraft, a transaction in which Plaintiff acted as a broker. Particularly, co-defendants Engage Aviation, LLC ("Engage") and Philip J. Carey ("Carey"), who represented the seller of the aircraft, Air One, in turn retained Plaintiff to serve as its representative to broker an agreement with the buyer, Conviasa. Engage and Carey agreed to pay Plaintiff $500,000 for its services. (Comp. at ¶¶ 8-10). ASR's role in the subject transaction was the escrow agent. (Comp. at ¶ 15).

Plaintiff alleged that it did not receive the full amount for which it contracted with Engage and Carey and purported to state causes of action in Breach of Third-party Beneficiary Contract, Breach of Fiduciary Duty, Conspiracy to Defraud and Accounting against ASR.

## Argument

Plaintiff's claims against ASR must fail as a matter of law due to the nature of an escrow agent's role in the transaction. Particularly, an escrow agent is a fiduciary to, and agent of, the buyer and seller. The only duties of an escrow agent are to exercise reasonable skill in acting in accordance with the escrow agreement, and those duties are owed only to the parties to the escrow agreement. As a result of its legally-defined role, Defendant has no fiduciary duty to Plaintiff, cannot, as a matter of law, conspire with its principal, was not a party to any contracts allegedly breached and does not owe an Accounting to Plaintiff, who lacks standing to demand the same.

## Law and Analysis

To warrant dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackstone v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To survive a motion to dismiss, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

I. *An Escrow Agent is An Agent of the Principal Parties, to Whom it Owes a Fiduciary Duty. ASR Owes no Fiduciary Duty to Plaintiff, Could not Conspire Against Plaintiff With its Principal and is Not a Party to the Contract from Which Plaintiff Allegedly Derives Third-Party Beneficiary Status.*

A. The relationship established when an escrow agent undertakes to act as such is that of principal and agent, and involves the escrow agent being an agent of, and owing a fiduciary duty to, all principal parties. *The Florida Bar v. Joy*, 679 So.2d 1165 (Fla.1996). In Florida, an escrow agent holds as a trustee charged with the performance of an express trust, and he must act in strict accordance with the terms of the escrow agreement lest he be liable in damages for any loss suffered by reason of any departure from those terms. *Tucker v. Dr. P. Phillips Co.*, 139 F.2d 601 (5th Cir 1943). Escrow holders owe a fiduciary duty to **the parties** to the escrow to exercise reasonable skill and ordinary diligence in performing their duties. *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So.2d 1063 (Fla. 3d DCA 1993, emphasis added).

The *Watkins* court also explained that a bank acting as escrow holder owed no fiduciary duty to a second-phase investor in limited partnership where the partnership and first-phase investors were the only parties to the escrow agreement. As indicated in Exhibit "D" to the Complaint, the only parties to the Escrow Agreement were Conviasa and Engage. Similarly, because Plaintiff is not a party to the Escrow Agreement, it is owed no fiduciary duty by ASR. As such, the Breach of Fiduciary Duty count must be dismissed.

- 3 -
COLE, SCOTT & KISSANE, P.A.
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

I. *An Escrow Agent is An Agent of the Principal Parties, to Whom it Owes a Fiduciary Duty. ASR Owes no Fiduciary Duty to Plaintiff, Could not Conspire Against Plaintiff With its Principal and is Not a Party to the Contract from Which Plaintiff Allegedly Derives Third-Party Beneficiary Status.*

A. The relationship established when an escrow agent undertakes to act as such is that of principal and agent, and involves the escrow agent being an agent of, and owing a fiduciary duty to, all principal parties. *The Florida Bar v. Joy*, 679 So.2d 1165 (Fla.1996). In Florida, an escrow agent holds as a trustee charged with the performance of an express trust, and he must act in strict accordance with the terms of the escrow agreement lest he be liable in damages for any loss suffered by reason of any departure from those terms. *Tucker v. Dr. P. Phillips Co.*, 139 F.2d 601 (5th Cir 1943). Escrow holders owe a fiduciary duty to **the parties** to the escrow to exercise reasonable skill and ordinary diligence in performing their duties. *Watkins v. NCNB Nat. Bank of Florida, N.A.*, 622 So.2d 1063 (Fla. 3d DCA 1993, emphasis added).

The *Watkins* court also explained that a bank acting as escrow holder owed no fiduciary duty to a second-phase investor in limited partnership where the partnership and first-phase investors were the only parties to the escrow agreement. As indicated in Exhibit "D" to the Complaint, the only parties to the Escrow Agreement were Conviasa and Engage. Similarly, because Plaintiff is not a party to the Escrow Agreement, it is owed no fiduciary duty by ASR. As such, the Breach of Fiduciary Duty count must be dismissed.

B.  Under Florida common law, "(a) civil conspiracy requires: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy." Plaintiff alleged that ASR conspired with Engage and Carey to deprive it of "the benefits of the agreements made regarding the purchase of the Aircraft by Conviasa." (Comp. at ¶ 123). As established above, ASR is an agent of Engage and/or Carey. Moreover, it is impossible as a matter of law for an agent to conspire with its principal. According to the intracorporate conspiracy doctrine, because a corporation can only act through its corporate agents, the corporation cannot conspire with itself, and "(g)enerally speaking, neither an agent nor an employee can conspire with his or her corporate principal or employer." *Robb v. Rahi Real Estate Holdings LLC*, 2011 WL 2149941(S.D. Fla. 2011). As such, this purported cause of action fails for lack of ability as a matter of law for ASR to conspire with its principals, Engage and/or Carey and the Conspiracy to Defraud; therefore, count must be dismissed.

C.  To plead a cause of action for breach of a third party beneficiary contract, a plaintiff must plead the following elements:

(1) a contract between A and B;

(2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit C, the third party (or a class of persons to which that party belongs);

(3) breach of that contract by either A or B (or both); and

(4) damages to C resulting from the breach.

*Intercoastal Realty, Inc. v. Tracy*, 706 F.Supp.2d 1325 (S.D. Fla. 2010).

Plaintiff alleged that the third-party beneficiary contract breached by ASR was the Escrow Agreement (Comp. at ¶ 69). In this case, "A" and "B," the parties to the Escrow Agreement, are Engage and Conviasa. However, ASR is not a party to the contract. Under Florida law, escrow is established by instrument embodying conditions mutually beneficial to both parties and it must be communicated to and deposited with a **third party, which must not itself be involved in transaction**. *Gibson v. Resolution Trust Corp.*, 51 F.3d 1016 (11th Cir. Fla. 1995). (emphasis added). In order to constitute a binding escrow, there must be an instrument embodying conditions mutually beneficial to both parties, agreed to by both parties and communicated to and deposited with a third party. *Smith v. Macbeth*, 161 So. 721 (Fla. 1935). To the extent Plaintiff may maintain this cause of action, it is as to Engage and/or Conviasa only, not ASR, thus, the Breach of Third-party Beneficiary Contract count must be dismissed.

II. <u>Plaintiff Has No Interest in the Escrow Funds Not Disbursed to It, Has No Relationship With ASR Sufficient for Entitlement to an Accounting and Thereby Lacks Standing to Demand the Same</u>

Plaintiff seeks an Accounting from both Engage and ASR and in support of its entitlement alleged that Engage and ASR were a "fiduciaries to (Plaintiff) with regard to the amount paid in escrow." Plaintiff further alleged that, without an accounting, it "would not have knowledge as to how Engage and ASR accounted for any possible cost overruns, and to what extent Engage improperly assessed and deducted cost overruns from the second payment of $250,000 that (Plaintiff) is entitled to..." However, as set forth above, ASR is not a fiduciary of Plaintiff and was responsible only to follow the

instructions of Engage; how Engage assessed and deducted cost overruns, improperly or otherwise, is between Plaintiff and Engage.

Additionally, when the res of the escrow is not delivered out of escrow, no interest in the res passes. *Grossman v. Pollack*, 100 So.2d 660 (Fla. 3d DCA 1958). Lacking an interest in the second $250,000 payment, at least insofar as the escrow account is concerned, Plaintiff has properly asserted a number of remedies at law against Engage, which are adequate to protect its rights. However, as to ASR the Accounting claim must also be dismissed.

WHEREFORE, Defendant, AERO-SPACE REPORTS, INC., respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint, and any other relief deemed appropriate.

Respectfully submitted,

s/Scott H. Jackman
Scott H. Jackman
Florida Bar No. 194522
YueLing E. Lee
Florida Bar No. 883891
COLE, SCOTT & KISSANE, P.A.
4301 West Boy Scout Boulevard
Suite 400
Tampa, FL 33607
Email: Scott.jackman@csklegal.com
Email: Yueling.lee@csklegal.com
Telephone: (813) 289-9300
Facsimile: (813) 286-2900

## CERTIFICATE OF SERVICE

I hereby certify that on August 30th, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Irene A. Bassel Frick
Paul M. Tschirhart
Allan Mendelsohn
Scott H. Jackman

                                                     s/Scott H. Jackman
                                                     Scott H. Jackman
                                                     Florida Bar No. 194522
                                                     YueLing E. Lee
                                                     Florida Bar No. 883891
                                                   COLE, SCOTT & KISSANE, P.A.
                                                   4301 West Boy Scout Boulevard
                                                   Suite 400
                                                   Tampa, FL 33607
                                                   Email: Scott.jackman@csklegal.com
                                                   Email: Yueling.lee@csklegal.com
                                                   Telephone: (813) 289-9300
                                                   Facsimile: (813) 286-2900

L:\1917-0134-00\P\MTD (substantive counts).doc