UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELINAUTICA INTERNATIONAL, S.A.,
A Panamanian Company,

    Plaintiff,

v.                                                                  CASE NO. 8:11-CV-676-T-17TGW

ENGAGE AVIATION LLC, a Florida limited
liability company, PHILLIP J. CAREY, an
individual, and AERO-SPACE REPORTS,
INC., an Oklahoma corporation,

    Defendants.
_____/

**ORDER ON AERO-SPACE REPORTS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

THIS CAUSE is before this Court on Defendant's, Aero-Space Reports, Inc. ("ASR"), Motion to Dismiss Plaintiff's, Helinautica Internacional, S.A. ("Plaintiff"), Complaint (Doc. 43) and Plaintiff's Opposition thereto (Doc. 44).

    *I.*    *Factual Background*

This suit arises from Plaintiff's brokerage of two aircrafts sales. Co-Defendants, Engage Aviation, LLC ("Engage") and its president Philip J. Carey ("Carey") (collectively "Co-Defendants"), represented the nonparty seller, Air One. The Co-Defendants retained the Plaintiff to broker an agreement with the nonparty buyer, Conviasa. The Co-Defendants agreed to pay the Plaintiff five hundred thousand dollars ($500,000.00) to act as the broker and to be paid in two equal installments. (Doc. 1 at ¶¶ 8-10). ASR acted as the escrow agent in the sale at issue. (Doc. 1 ¶15).

Plaintiff alleges that it did not receive the full contract amount owed and has filed the following claims: Count I: Breach of contract against Engage; Count II: Breach of third-party beneficiary contract against Engage and ASR; Count III: Negligent misrepresentation against Engage; Count IV: Conversion against Engage and Carey; Count V: Negligent misrepresentation

against Carey; Count VI: Breach of fiduciary duty against ASR; Count VII; Conspiracy to defraud against Engage, Carey, and ASR; and Count VIII: Accounting against Engage and ASR. (Doc. 1 pp. 11-22). As only ASR moves this Court to dismiss claims against it, only Counts II, VI, VII, and VIII are currently at issue[1].

The basis for ASR's motion to dismiss is that, due to the nature of its role as an escrow agent, ASR owed no fiduciary duty to Plaintiff. The Plaintiff seeks to recover $250,000.00 in lost commission and other damages, which were to be paid from an escrow account set up with ASR. In accordance with the escrow agreement, the sums in escrow were to be paid with instructions alleged by Plaintiff to be forthcoming. (Doc. 1 ¶25).

## II.   Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89 (2007). To warrant dismissal of a complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackstone v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly "retired" the "no set of facts" pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly*, 550 U.S. at 563. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. As a general proposition the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has since

---

[1] This Court notes an exculpatory clause in Doc. 1-4 p.3 that would appear to negate any liability on behalf of ASR.

applied the *Twombly* plausibility standard to another civil action, *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937 (2009). At this stage in the litigation, the Court must consider the factual allegations in the Complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir.1994).

### III. Discussion

Plaintiff alleges an array of facts within its Complaint that implicates tortuous conduct and breach of contract by ASR which results in deprival of Plaintiff's alleged commission due. ASR asserts that it has no fiduciary duty whatsoever as it relates to Plaintiff. Such a blanket assertion is not well-taken.

Plaintiff was to be paid from an escrow account established by Conviasa and Engage. ASR was aware of its duties under the escrow agreement as evidence in a February 19, 2010, letter, namely, that ASR was to make two $250,000.00 disbursements to Plaintiff upon the occurrence of specific events. (Doc. 1-5). Plaintiff alleges that it was not paid the proper amount and the funds in escrow were distributed without prior, or subsequent, notice by any party. (Doc. 1 ¶49).

#### A. Breach of Fiduciary Duty

While ASR maintains that it was not a party to the escrow agreement, the escrow agreement indicates otherwise. The escrow agreement (Doc. 1-4 p. 3) contains the signatures of Conviasa, Engage, and the signature of an authorizing agent for ASR. While both parties cite to *The Florida Bar v. Joy*, 679 So.2d 1165, 1167 (Fla.1996), ASR's broad generalization of the case does not result in a finding of lack of its fiduciary duty.

The Florida Supreme Court in *The Florida Bar v. Adorno*, 60 So.3d 1016, 1028 (Fla.2011), referring to its earlier opinion in *Quinn v. Phipps*, 113 So. 419, 421 (Fla.1927), gave broad meaning to the term of a fiduciary relationship. Specifically, the Florida Supreme Court echoed the "overwhelming weight of authority" that the principle of fiduciary duty "extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side and the resulting superiority and influence on the other." *Id.* See also *Maxwell v. First United Bank*, 782 So.2d 931, 933-34 (Fla. 4th DCAA 2001) ("A fiduciary relationship may be either express or implied. A fiduciary relation which is implied in law is

Case 8:11-cv-00676-EAK-TGW   Document 47   Filed 11/15/11   Page 4 of 6 PageID 312
CASE NO. 8:11-CV-676-T-17TGW

based on the circumstances surround the transaction and the relationship of the parties.").

In addition, the Florida Supreme Court has indicated the existence of implied fiduciary duties absent express agreement. When there is a lack of express agreement, the law implied from the circumstances that an escrow agent undertakes "a legal obligation (1) to know the provisions and conditions of the principle agreement concerning the escrowed property, and (2) to exercise reasonable skill and ordinary diligence in holding and delivering possession of the escrowed property (i.e. to disburse the escrowed funds) in strict accordance with the principles' agreement." *The Florida Bar v. Shari Nicole Hines*, 39 So.3d 1196 (Fla.2010) citing *Joy* at 1167. Such a fiduciary duty may be found to be established through the February 19, 2010, letter. As such, and given that this Court must take all factual assertions in the Complaint as true, Plaintiff's claim for breach of fiduciary duty cannot be dismissed.

### B. Civil Conspiracy

In regards to Plaintiff's civil conspiracy claim, under Florida common law, a civil conspiracy requires: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla.Dist.Ct.App.1997). ASR asserts that the intracorporate conspiracy doctrine applies.

As the Court in *Robb v. Rahi Real Estate Holdings* LLC, 2011 WL 2149941 *4 (S.D. Fla.2011) explains the intracorporate conspiracy doctrine, it is a general rule that an agent cannot conspire with its principle or employer. "According to the intracorporate conspiracy doctrine, because a corporation can only act through its corporate agents, the corporation cannot conspire with itself, and "[g]enerally speaking, neither an agent nor an employee can conspire with his or her corporate principal or employer." *Lipsia v. Ramlawi*, 760 So.2d 170, 180 (Fla. Dist. Ct. App.2000); *see also McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1037 (11th Cir.2000) ("it is not legally possible for a single legal entity consisting of the corporation and its agents to conspire with itself."). This Court notes the exception to the intracorporate conspiracy doctrine, that is, when an agent has a personal stake in the activities separate from the principal's interest. *Richard Bertram v. Sterling Banks*, 820 So.2d 963 (Fla. 4th DCA 2002). Such an exception is not addressed in ASR's motion.

CASE NO. 8:11-CV-676-T-17TGW

While this Court need not reach an ultimate decision as to whether a civil conspiracy is present at this early stage, ASR appears to have had a personal stake, and thus, the claim must remain. As such, Plaintiff's civil conspiracy claim cannot be dismissed.

### C. Third Party Beneficiary Contract

To maintain a cause of action for breach of a third party beneficiary contract, Plaintiff must prove (1) the existence of the contract; (2) clear or manifest intent of the parties that the contract primarily and directly benefits the third party; (3) breach of a contract by a contracting party; and (4) damages to the third-party resulting from the breach. *Jenne v. Church & Tower, Inc.*, 814 So.2d 522, 524 (Fla. 4th DCA 2002). While ASR argues that it was not a party to the escrow agreement, such an argument is perplexing given an ASR agent's signature on the agreement. (Doc. 1-4 p. 3). As the money was placed in escrow and instruction issued for ASR to issue payment to the Plaintiff, Plaintiff's third party beneficiary claim cannot be dismissed.

### D. Accounting

As this Court has found Plaintiff's Complaint cannot be dismissed, Plaintiff's claim for an accounting must also remain. Plaintiff had an interest in the money being held in escrow, specifically, to be paid for brokering the sale at issue. A claim for equitable accounting must allege that "the contract demands between litigants involved extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditions as it is in equity." *Bankers Trust Realty, Inc. v. Kluger*, 672 So.2d 897 (Fla.App. 3 Dist. 1996). Plaintiff alleges that it was promised cost overruns to be shared equally by Engage and Plaintiff and that without an accounting ASR could charge Plaintiff for all cost overruns. (Doc. 1 ¶27). Accordingly, Plaintiff's claim for accounting cannot be dismissed. Accordingly, it is:

CASE NO. 8:11-CV-676-T-17TGW

ORDERED that Defendant's, AERO-SPACE REPORTS, INC., Motion to Dismiss Plaintiff's Complaint (Doc. 43) is **DENIED** and the Defendant shall file an answer to the complain with ten (10) days of this order.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 15th day of November, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.